IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA * <br> * <br>     Plaintiff * <br> * <br> v. * <br> * <br> FREDDIE CANCEL CAMACHO * <br> * <br>     Defendant * <br> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | Criminal No. 04-375(SEC) |

**ORDER**

Pending before the Court is Defendant's motion for reconsideration of his sentence (Docket # 108). Defendant requests that the Court correct the sentence imposed and grant him the additional third point for acceptance of responsibility provided for by Guideline §3E1.1(b) of the U.S. Sentencing Guidelines Manual ("the Guidelines"). After reviewing Defendant's motion, the sentencing transcript (Attachment # 1), and the applicable section of the Guidelines, for the reasons set forth below, we find that Defendant's request should be **DENIED**.

> Section 3E1.1(b) provides that:
>
> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and **upon motion of the government** stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

USSG § 3E1.1(b)(2004)(emphasis added). At the sentencing hearing held on May 20, 2005, Defense counsel inquired as to whether the Government would provide the third point for acceptance (Tr.23). In response, the Government declined to recommend that Defendant receive this third point (Tr. 23-24). Contrary to Defendant's assertion, the Court then expressed its agreement with the Government's position (Tr. 24).

Defendant argues that because the Guidelines are merely advisory after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the Government's motion

**Criminal No. 04-375(SEC)**                                                                                          2
_____

is not necessary to obtain the third point reduction. The Supreme Court in Booker held that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at 767. Thus, this Court will continue to follow the Guidelines unless a strong reason is shown justifying a different sentence. See United States v. Wilson, 350 F. Supp. 2d 910 (D. Utah 2005)(finding that in all but the most unusual circumstances, the recommended Guidelines sentence will still be the most appropriate sentence). No such strong reason has been presented in the instant case. Accordingly, Defendant's request for reconsideration is **DENIED**.

        **SO ORDERED.**
In San Juan, Puerto Rico, this 27th day of May, 2005.

        S/ *Salvador E. Casellas*
        SALVADOR E. CASELLAS
        United States District Judge